UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| UNITED STATES of AMERICA, | : | Criminal Action No. 20-267 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| MATTHEW P. PEOPLES, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the *pro se* motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), by Defendant Matthew P. Peoples ("Peoples"). On February 17, 2022, Defendant filed a motion for compassionate release from incarceration, due to confinement conditions involving Covid-19, or reduction of sentence. The Government has opposed the motion. Defendant did not file a reply brief. For the reasons that follow, the motion will be denied.

Defendant moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant explains that he was incarcerated at Hudson County Correctional Facility in 2019, contracted Covid-19 in 2020, and was sentenced in 2022, and he asks for "covid relief time." The Government, in opposition, argues that the motion should be denied because: 1) Defendant has not exhausted his administrative remedies; 2) Defendant has not shown any extraordinary and compelling reason to justify release; and 3) the Section 3553(a) factors do not warrant a reduction in sentence. Since filing this application, Defendant has been transferred to the FDC Philadelphia facility.

1

In making the present motion, Defendant has:

moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  This provision empowers a court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Until passage of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. The First Step Act created an independent avenue for defendants to seek relief from the federal courts.

United States v. Ebbers, 2020 U.S. Dist. LEXIS 3746, at *1-2 (S.D.N.Y. Jan. 8, 2020) (citations omitted.)  The relevant provision states:

(c) Modification of an imposed term of imprisonment.  The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or
(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) [18 USCS § 3142];
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

Defendant moves for compassionate release, generally citing the health risks due to Covid-19 at the Hudson County Correctional Facility, where he was incarcerated at the time of application.   This Court construes Defendant's application to seek release on the ground that extraordinary and compelling reasons warrant a modification of his sentence.   As a sister Court has explained:

> We evaluate compassionate release based on three factors.  First, we address whether "extraordinary and compelling reasons warrant the reduction" and whether the reduction is consistent with the Sentencing Commission's policy statements in effect before the First Step Act.  Second, we determine whether [defendant] is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  Third, we must consider the factors listed in 18 U.S.C. § 3553(a), "to the extent they are applicable."

United States v. Sotelo, 2019 U.S. Dist. LEXIS 135051, at *12 (E.D. Pa. Aug. 7, 2019).[1]  As the movant, Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).  Defendant contends that he has an underlying medical condition of a punctured lung.

The Government argues, first, that Defendant's application must be denied because he has failed to exhaust his administrative remedies.  The record contains no indication that Defendant exhausted his administrative remedies with the Bureau of Prisons.  Section 3582(c)

---

[1] "[A]lthough the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons." United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021).

provides that a court may modify a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  This requirement is a rigid one—as the Third Circuit has characterized it, a "roadblock" to judicial consideration of compassionate release. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  For this reason alone, the motion must be denied, albeit without prejudice to renewal after exhaustion of administrative remedies.

      The Government argues, in the alternative, that Defendant's application must be denied on the merits, as well.  As to the merits, the Government contends that Defendant has not shown that any extraordinary and compelling reason warrants a reduction in sentence.  Defendant points to the risk of contracting Covid-19 while incarcerated, but admits that he already contracted Covid-19 while incarcerated in 2020, and cites no lasting adverse impact.  Defendant contends that he has an underlying condition, a punctured lung, but gives no basis to infer that this puts him in greater danger due to Covid-19,  nor that he has any recognized risk factors.  Rather, in the absence of any evidence to the contrary, this Court infers that Defendant survived an episode of Covid-19 illness and is presently in adequate physical health.

      The Government next argues that the § 3553(a) factors militate in favor of continued incarceration, and that Defendant is not an appropriate candidate for a reduction of his sentence, on two principal grounds.  First, Defendant has an extensive criminal history, including several convictions for narcotics-related felonies, and was on probation at the time of the instant offense; the Government contends that, based on this history, Defendant is at high risk of reoffending if released, and that Defendant should not be released to protect the public from further crimes.  Second, the Government observes that Defendant has served about one-third of his sentence, and

that his sentence should remain intact, to continue to punish him for his conduct and to deter others with similarly serious criminal histories from continuing to engage in criminal conduct.

This Court finds the Government's arguments persuasive. Defendant has not exhausted his administrative remedies, and his application for compassionate release must be denied on that ground alone. Furthermore, even considering the application on the merits, Defendant has not provided any extraordinary and compelling reason for a reduction in sentence. In addition, this Court has weighed the § 3553(a) factors, and they do not support granting Defendant's motion for a reduction in sentence.

For these reasons,

**IT IS** on this 26th day of May, 2022,

**ORDERED** that Defendant's motion for compassionate release (Docket Entry No. 65) is **DENIED**.

                                                          s/ Stanley R. Chesler
                                                        Stanley R. Chesler, U.S.D.J